UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
A.J. MARTINEZ.,

                         Plaintiff,         DECISION AND ORDER
                                               7:21-CV-01028-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

       In December of 2017, Plaintiff A.J. Martinez[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Joseph Albert Romano, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

       This case was referred to the undersigned on May 2, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 17, 20). For the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Case 7:21-cv-01028-GRJ   Document 23   Filed 09/26/22   Page 2 of 16

following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on December 1, 2017, alleging disability beginning March 17, 2016. (T at 67-68).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on May 8, 2019, before ALJ Alexander Levine. (T at 51). Plaintiff appeared with an attorney and testified. (T at 54-65). A further hearing was held on February 21, 2020. Plaintiff appeared with an attorney and offered additional testimony. (T at 47-49).

### B. ALJ's Decision

On May 22, 2020, the ALJ issued a decision denying the application for benefits. (T at 13-38). The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 17, 2016 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2021 (the date last insured). (T at 20). The ALJ concluded that Plaintiff's cervical spine degenerative disc disease; bilateral shoulders

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 16

derangement; right knee derangement; asthma; diabetes; and morbid obesity were severe impairments as defined under the Act. (T at 20).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can use the right upper extremity to occasionally reach overhead and frequently reach in all other directions; frequently handle; use the left upper extremity to frequently reach overhead and push/pull; occasionally climb ramps and stairs, balance, stoop and kneel; but never crouch or crawl or climb ladders, ropes or scaffolds; she can have no more than occasional exposure to extreme cold/heat, wetness/humidity, and environmental irritants(i.e., fumes, odors, gases and dusts); she must avoid all use of hazardous machinery and all exposure to unprotected heights; and she can perform work involving no more than moderate noise. (T at 21).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home health aide or childcare attendant. (T at 29).

However, considering Plaintiff's age (45 on the alleged onset date), education (limited, but able to communicate in English), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 17, 2016 (the alleged onset date) and May 22, 2020 (the date of the ALJ's decision). (T at 30).  On December 7, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on February 4, 2021. (Docket No. 1).  On September 7, 2021, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 17, 18).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on November 8, 2021. (Docket No. 20, 21).  On December 1, 2021, Plaintiff submitted a reply in further support of her motion. (Docket No. 22).

## II.  APPLICABLE LAW

### A.  Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.  *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  For the following reasons, this Court finds Plaintiff's argument unavailing.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).  The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany*

*Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, the record contains several medical opinions from treating, examining, and non-examining sources.

Dr. Jonathan Glassman conducted a workers' compensation independent medical examination in November of 2016.  He assessed "moderate partial disability" and restricted Plaintiff to work involving no elevation of the right shoulder greater than 90 degrees, no elevation of the left shoulder greater than 140 degrees, no unilateral lifting with the right

upper extremity greater than 6 pounds, and no unilateral lifting with the left upper extremity greater than 10 pounds. (T at 648-49).

Dr. Glassman conducted a second examination in October of 2017. He again stated that Plaintiff had "moderate partial disability" and found her capable of performing work that involved no elevation of the right shoulder greater than 100 degrees, no elevation of the left shoulder greater than 140 degrees, no unilateral lifting with the right upper extremity greater than 10 pounds, and no unilateral lifting with the left upper extremity greater than 10 pounds. (T at 643-44).

In February of 2018, Dr. John Vlattas, a treating physician, generated an office note that described his examination of Plaintiff, recommended physical therapy, and opined that Plaintiff was "totally disabled for her employment." (T at 676-77).

Dr. Michael Healy performed a consultative examination in February of 2018. Dr. Healy characterized Plaintiff's prognosis as "good" and diagnosed bilateral rotator cuff injuries to shoulders, chronic neck pain from cervical spine intervertebral disk disruption, chronic right knee pain with previous meniscus injury, asthma, diabetes, and morbid obesity. (T at 674). He opined that Plaintiff had moderate limitations as to reaching, handing objects, lifting, and carrying; along with moderate limitations with respect to

sitting, standing, walking, and climbing stairs. (T at 674). Dr. Healy also stated that Plaintiff should avoid exposure to respiratory irritants, dust, and smoke. (T at 674).

In March of 2018, Dr. S. Sonthineni, a non-examining State Agency review physician, reviewed the record and opined that Plaintiff was limited to occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing/walking for about 6 hours in an 8-hour workday, sitting for about 6 hours in an 8-hour workday, occasionally engaging in postural activities, performing limited overhead reaching, and must avoid concentrated exposure to pulmonary irritants. (T at 72-74).

In March of 2018, Dr. Mitchell Kaplan, Plaintiff's treating orthopedic surgeon, reported that Plaintiff could return to work, provided she performed no excessive lifting, pushing, or pulling. (T at 809).

Dr. Elizabeth Morrison performed a workers' compensation independent medical examination in February of 2020. She opined that Plaintiff could perform no overhead work with the bilateral upper extremities and no lifting, pushing, pulling, or carrying greater than 10 pounds. (T at 1144).

Dr. Saundra Nickens performed a consultative examination in March of 2020. Dr. Nickens diagnosed obesity; right shoulder internal

11

derangement with pain, status post-surgical intervention; right knee internal derangement, status post-surgery, with pain; and neck pain with cervical derangement, status post-surgery. (T at 1430). She characterized Plaintiff's prognosis as "fair." (T at 1430). Dr. Nickens opined that Plaintiff had moderate limitations with respect to ambulation and activities requiring squatting, bending, crouching, and lumbar flexion. (T at 1430). She assessed moderate limitation as to pushing, pulling, lifting, carrying objects, and overhead activities. (T at 143).

Dr. Charlene Mitchell was engaged by the Commissioner as a medical expert. In April of 2020, Dr. Mitchell reviewed the record and answered written interrogatories, win which she opined that Plaintiff could occasionally lift up to 10 pounds, occasionally carry up to 20 pounds; sit for a full 8-hour workday; stand for 6 hours in an 8-hour workday; and walk for 4 hours in an 8-hour workday; never perform overhead reaching; occasionally perform other reaching; and occasionally push/pull. (T at 1468).

The ALJ reviewed the medical record, including the imaging and testing results (T at 22-23), clinical examination findings (T at 23-24), Plaintiff's subjective complaints and activities of daily living (T at 22, 25), and the medical source opinions. (T at 25-29). The ALJ generally found

the medical source opinions persuasive, although in some respects he found greater limitation more consistent with the record (i.e., a limitation to occasional balancing, stooping, kneeling, and climbing of ramps and stairs) and in others he concluded that Plaintiff had a lesser degree of limitation (i.e., the ability to perform occasionally overhead reaching). (T at 25-28).

Although the ALJ's RFC determination does not correspond perfectly with any particular medical opinion, the ALJ's thorough and well-reasoned decision makes it clear that he considered the supportability and consistency of each opinion in accordance with the applicable legal standards and reached a conclusion supported by a reasonable reading of the record and appropriate reconciliation of the conflicting aspects of the various opinions. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law); *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Plaintiff argues that the ALJ gave insufficient weight to the opinion of Dr. Kaplan, her treating orthopedic surgeon. Dr. Kaplan opined that Plaintiff

could return to work, provided she performed no "excessive" lifting, pushing, or pulling. (T at 809).

As the ALJ noted, however, Dr. Kaplan did not define the term "excessive." (T at 28). Importantly, the ALJ limited Plaintiff to sedentary work, which generally involves lifting no more than 10 pounds. (T at 21). *See* 20 CFR §404.1567 (a). This assessment of Plaintiff's lifting limitation is supported by the medical opinion evidence (T at 72-74, 1144, 1468) and is not necessarily inconsistent with Dr. Kaplan's prohibition against "excessive" lifting.

Plaintiff also contends that the ALJ erred because he did not expressly consider the statement of Dr. Vlattas, a treating physician, who described Plaintiff as "totally disabled for her employment." (T at 676-77). In addition, Plaintiff faults the ALJ more generally for failing to give weight to various disability determinations made in the context of her claim for workers' compensation benefits.

As the ALJ appropriately noted (T at 28), "decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) … '[are] inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled.'"

*Cory W. v. Comm'r of Soc. Sec.*, No. 20 Civ. 1424, 2021 WL 5109663, at *4 (W.D.N.Y. Nov. 3, 2021) (citing 20 C.F.R. § 416.920b(c)(1)-(3) (2017)); *see also Morgan v. Comm'r of Soc. Sec.*, No. 20CIV7124NSRPED, 2022 WL 1051177, at *8 (S.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, No. 20CV7124NSRPED, 2022 WL 704013 (S.D.N.Y. Mar. 9, 2022).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

This Court therefore concludes that the ALJ's analysis, including his assessment of the medical opinion evidence, is supported by substantial evidence, outlined in a detailed decision, and is consistent with applicable law.  The decision must therefore be affirmed.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment consistent with this decision and close the file.

Dated: September 26, 2022              *s/Gary R. Jones*
                                       GARY R. JONES
                                       United States Magistrate Judge